UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff, | ) Criminal Action No. 5:06-120-JMH |
| | ) |
| v. | ) |
| | )   **MEMORANDUM OPINION AND ORDER** |
| | ) |
| WILFORD NIECE, et al., | ) |
| | ) |
|     Defendants. | ) |

**    **    **    **    **

Before the Court is Defendant Wilford Niece's motion in limine [Record No. 99]. The defendant contends that certain alleged conversations between the defendant and his wife, Melissa Niece, are privileged marital communications and are therefore inadmissible. This Court finds that the testimony in question is admissible under the joint participants exception to confidential marital communications.

## BACKGROUND

The defendant's now-estranged wife, Melissa Niece, has entered into a written plea agreement with the Government where she claims,

> In March or April 2006, defendant visited her husband, Wilford Henry Niece, at the Federal Medical Center, Lexington. Wilford Niece instructed her to obtain a loan from Whitaker Bank and to sell a bulldozer that he owned and the monies would be used to purchase kilogram quantities of cocaine. Wilford Niece told her that his brother would co-sign for her to obtain the loan. Later, Wilford Niece instructed Melissa Niece to travel to Georgia to meet with an unknown male regarding the purchase of cocaine. Melissa Niece complied with the instructions and met with two men in Dalton, Georgia and

was informed the cocaine would cost $25,000.00  Melissa Niece relayed this information to Wilford Niece and no further action was taken to acquire the cocaine.

Later, during another visit with Wilford Niece, he advised Melissa Niece that he would be entering into a business relationship with William David Jones.  Wilford Niece identified Jones to her during her visit with Wilford Niece.

In July 2006, Wilford Niece instructed Melissa Niece that she would receive a telephone call from "Uncle Darryl" (code name for William David Jones) and to deliver approximately $45,000.00 to him for the purchase of 3 kilograms of cocaine.

Another individual named "Bill" was originally supposed to provide part of the funding but failed to do so.

After talking to Wilford Niece, Melissa Niece traveled to Lexington, Kentucky with her mother and delivered the $45,000.000 to William David Jones.

## MARITAL PRIVILEGE

There are two types of marital privilege: one against adverse spousal testimony and one which protects confidential marital communications. *United States v. Sims*, 755 F.2d 1239, 1240-41 (6th Cir. 1985).  The privilege against adverse spousal testimony does not apply in this instance because only the witness-spouse holds the privilege. *Id.* at 1240 (citing *Trammel v. United States*, 445 U.S. 40 (1980)).

Under the confidential communications privilege, a statement is generally inadmissible if the defendant can show (i) that, at the time of communication, there was a marriage recognized as valid by state law; (ii) that the communication was between husband and wife; and (iii) that the communication was made in confidence.

2

*United States v. Porter*, 986 F.2d 1014, 1018 (6th Cir. 1993). However, the Sixth Circuit has adopted the "joint participants" exception to the privilege against confidential marital communications. *Sims*, 755 F.2d at 1243. Under this exception, a marital communication is not privileged "where spouses engage in conversations regarding joint ongoing or future patently illegal activity." *Id.* This exception is justified because "conduct sought by one spouse that is unambiguously illegal would seem outside the area of desired husband-wife intimacy." *Id.*

Here, with the possible exception of the statement regarding the incipient business relationship with William David Jones, Melissa Niece's testimony describes communications wherein Wilford Niece consistently enlists her aid in conduct that is unambiguously illegal. He allegedly "instructed" her to act as his proxy in obtaining the funds and making the necessary arrangements in order to obtain significant quantities of cocaine. This conduct is patently illegal and therefore admissible under the "joint participant exception.

Accordingly, **IT IS ORDERED** that Defendant Wilford Niece's motion in limine [Record No. 99] be, and the same hereby is, **DENIED.**

3

This the 29th day of January, 2007.

 Signed By:

**_Joseph M. Hood_**

**United States District Judge**